# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| VICKI UTLEY, as Representative Heir at Law of BRIAN UTLEY, Deceased,  )<br>  )<br>Plaintiff,   )<br>  )<br>VS.  )<br>  )<br>ROBERT E. WRAY, *et al.*,  )<br>  )<br>Defendants.  )<br>_____ ) | Civil Action No. 05-1356-MLB |

## ORDER

Before the Court is Defendants' Motion to Strike and for Protective Order. (Doc. 97.) Plaintiff has responded in opposition to the motion. (Doc. 113.) Defendants did not file a reply and the time for filing has expired. *See* D. Kan. Rule 6.1(d)(1) (replies to responses to non-dispositive motions are to be filed within 14 days).

## BACKGROUND

Defendants seek a protective order "protecting each of them from the undue burden, oppression and annoyance of responding to Plaintiff's First Requests for Admissions." (Doc. 97, at 1.) With little or no discussion of specific requests,

1

Defendants contend that Plaintiff's requests fall into one of three categories: 1) mischaracterizations of Defendants' deposition testimony; 2) requests to have Defendants authenticate documents previously identified in deposition; and 3) requests calling for "a purely legal conclusion." (*Id.*, at 2-3.) Plaintiff responds that the requests are not burdensome, abusive, redundant, or improper. (Doc. 113, at 4-10.) Plaintiff also argues that Defendants' objections are conclusory and that they failed to comply with District Court Rule 37.2, requiring counsel for the moving party to make a reasonable effort to confer. (*Id.*, at 10-12.)

## DISCUSSION

Fed.R.Civ.P. 26(c) unequivocally states that a motion for a protective order must be "accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Plaintiff contends that "[c]ounsel for defendant Wray never spoke with the plaintiff's counsel prior to the filing of the instant Motion to Strike and Motion for Protective Order . . ." (Doc. 113, at 11.) Because Defendants chose not to reply to Plaintiff's response, Plaintiff's contention is uncontroverted and the Court accepts it as true. Plaintiff also contends, and Defendants do not dispute, that Defendants' motion does not include a certificate of compliance regarding efforts to confer by counsel for Defendant Wray. District

Court of Kansas local rule 37.2 unequivocally states that

> [t]he court **will not** entertain any motion to resolve a discovery dispute pursuant to Fed.R.Civ.P. 26 through 37 . . . **unless counsel for the moving party has conferred or has made reasonable effort to confer** with opposing counsel concerning the matter in dispute prior to filing of the motion.

(Emphasis added.) Pursuant to the local rule, the Court has no choice but to **DENY** the motion as it pertains to **Defendant Wray** for his failure to comply with the mandatory language of the local rule.

Local Rule 37.2 also states that the certificate of compliance "**shall describe with particularity** the steps taken by all counsel to resolve the issues in dispute." (Emphasis added.) The rule continues that in order to fulfill the "reasonable effort to confer" requirement, "the parties in good faith [must] converse, confer, compare views, consult and deliberate, or in good faith attempt to do so." *Id.* Without elaborating, Defendant Kennett's certificate of compliance simply indicates that her counsel "conferred with Plaintiff's counsel by telephone on July 26, 2007 . . ." (Doc. 97, at 8.) Plaintiff admits that this telephone conversation occurred, but argues that because it "included no specific discussions about plaintiff's Requests for Admission, [it] does not satisfy the duty to confer." (Doc. 113, at 12.) Again, because Defendants have not replied to Plaintiff's response, Plaintiff's contention

3

is uncontroverted and the Court accepts it as true. As such, the Court has serious concerns as to whether Defendant Kennett has complied with local rule 37.2.

Even assuming Defendants complied with the local rule, the Court has serious concerns regarding the substance of Defendants' motion. Plaintiff served 105 Requests for Admission on Defendant Kennett and 148 on Defendant Wray.[1] Apparently, Defendants are objecting to all of Plaintiff's requests on the basis of one or more of the stated reasons. Defendants have, however, referred to only three specific requests, Nos. 4, 50, and 102, all posed to Defendant Kennett. The Court will address each of these specific objections in turn.

### A. Request for Admission No. 4.

This request asks Defendant Kennett to admit that the attached copy of her job description is a true and accurate copy. (Doc. 98, Exh. A, p. 2.) Fed.R.Civ.P.

---

[1] The Court is cognizant of the fact that large numbers of requests for admissions may be unduly burdensome depending on the facts and circumstances of the particular case. While Plaintiff is correct in noting that Fed.R.Civ.P. 36 does not contain a specific limit on the number of requests for admission that may be served, the Court does have the power to limit the number of discovery requests. *See* Fed.R.Civ.P. 26(b)(2)(A) ("By order or local rule, the court may also limit the number of requests under Rule 36.") Requests for admission can be a valuable litigation tool because they allow the parties to enumerate stipulations that might otherwise wait until the Pretrial Conference and/or Pretrial Order. On the other hand, large numbers of requests for admission may also be part of a "scorched earth" discovery strategy designed to overwhelm an opponent, particularly where the requests are of marginal relevance. In this case, Defendants have not convinced the court that Plaintiff is abusing the use of requests for admission simply because of the number of requests that were served.

36(a) specifically states that it is proper to serve a Request for Admission relating to "the genuineness of any documents described in the request." Defendant, however, objects to the request because she previously identified, and was questioned about, the document during her deposition. (Doc. 97, at 6.)

While Plaintiff does not deny that Defendant Kennett previously identified the document at her deposition, the Court does not find this a sufficient reason to strike the request. Identification of a document is one thing; admitting that the document is a true and accurate copy is something more than simple identification. An admission such as requested here could streamline the admission of the document as a trial exhibit. Therefore, the Court finds it is not improper for a party to be asked, through a Request for Admission, to verify the genuineness of a document previously identified during a deposition. Defendants' motion is **DENIED** as it relates to Request for Admission No. 4 to Defendant Kennett.

    **B.**    **Request for Admission No. 50**.

At her deposition, Defendant Kennett was asked whether it "would be a true statement" that she was "pretty familiar with the content of all the Kinsley protocols." (Doc. 97, Exh. D, pg. 89:1-10.) Request for Admission No. 50 to Plaintiff asks Defendant to admit or deny that "[i]n December, 2003, [she] was pretty familiar with the content of all the Kinsley Rural Health Clinic Nurse

Practitioner Protocols." (Doc. 97, Exh. A, p. 13.) Defendant objects that the request is a "complete mischaracterization" of her testimony. (Doc. 97, at 6.)

Regardless of whether this mischaracterized Plaintiff's deposition testimony, the Court does not find this to be an appropriate basis to *strike* the request. Fed.R.Civ.P. 26(c) allows a protective order to protect a party "from annoyance, embarrassment, oppression, or undue burden or expense." While a regurgitation of a witness's deposition testimony through admissions could very well be unnecessary, Defendants have not even attempted to make a showing as to how the request at issue is annoying, embarrassing, oppressive, or would result in undue burden or expense. Further, Defendants have provided the Court no case law in support of their requested relief. As such, the Court **DENIES** Defendants' motion in regard to Request for Admission No. 50 to Defendant Kennett.

### C. Request for Admission No. 102.

Defendants object that "[s]everal requests call for [Defendant] Kennett to respond to purely legal conclusions." (Doc. 97, at 6.) Again, however, Defendants have provided only one specific example of such a request. Request No. 102 to Defendant Kennett asks her to admit or deny the following: "No other health care provider is at fault for Brian Utley's death." (*Id.*, at Exh. A, pg. 26.)

Fed.R.Civ.P. 36(a) states that "[a] party may serve upon any other party a

written request for the admission . . . of the truth of any matters within the scope of Rule 26(b)(1) set forth in the request that relate to statements or opinions of fact or of the application of law to fact . . ."  Although Rule 36 allows for requests applying law to fact, "one party cannot demand that the other party admit the truth of a legal conclusion."  *Disability Rights Council v. Wash. Metro. Area*, 234 F.R.D. 1, 3 (D.D.C. 2006) (citations omitted).  Further, other District Courts have held that "a request for admission which involves a pure matter of law, that is, requests for admissions of law which are related to the facts of the case, are considered to be inappropriate."  *Lakehead Pipe Line Co. v. American Home Assur. Co.*, 177 F.R.D. 454, 458 (D. Minn. 1997); *see also Tulip Computers Intern., B.V. v. Dell Computer Corp.*, 210 F.R.D. 100, 108 (D. Del. 2002) (holding that requests that seek legal conclusions are not allowed under Rule 36).

Plaintiff has made no attempt in the response to dispute Defendants' objection to this request.  The Court finds that the Request No. 102 is nothing more than a simple demand that Defendant Kennett admit the truth of a legal conclusion.  Thus, Defendants' motion is **GRANTED** in regard to Request No. 102 to Defendant Kennett.[2]

---

[2] In granting this portion of Defendants' motion, the Court is reaching no conclusion in regard to the other, unidentified Requests for Admission that Defendants apparently believe require them to admit or deny a pure legal conclusion.  (Doc. 97, at 6.)

### D.     Remaining Requests for Admission.

As for the remaining requests, Defendants do not so much as list, by category of objection, how or why the other requests are objectionable. This is clearly improper.

> A party opposing a discovery request cannot make conclusory allegations that a request is irrelevant, immaterial, unduly burdensome, or overly broad. Instead, the party resisting discovery **must show specifically how each discovery request** is irrelevant, immaterial, unduly burdensome or overly broad.

*Gheesling v. Chater*, 162 F.R.D. 649, 650 (D.Kan. 1995) (citations omitted) (emphasis added). Defendants have clearly failed to meet their burden to specifically show how each request for admission is objectionable and the Court will not surmise as to the nature of Defendants' objections. As such, the Court **DENIES** Defendants' motion in regard to these remaining Requests for Admission.

### CONCLUSION

While the court is denying the blanket request for a protective order as stated in this memorandum, it appears that much of this dispute could have, and should

---

As discussed in section D, *infra*, Defendants have not identified which of the remaining requests they believe to fall under this objection. The Court will not assume to make Defendants' arguments for them, nor will the Court on its own review all of the 253 requests to see which ones might possibly be objectionable.

have, been resolved by counsel had they complied with the requirements to meet and confer. Plaintiff's counsel has indicated that she was prepared "to discuss, withdraw or reword any requests that defendant felt were problematic." (Doc. 113 at 6.) In light of the court's ruling on the representative requests which were actually discussed in the briefs, the parties should be able to confer and resolve at least some disputes about the remaining requests that will avoid any possible future motions concerning the sufficiency of the answers or objections to these requests. The parties are therefore directed to meet and confer about these disputes not later than **September 21, 2007.** Defendants' responses to Plaintiff's requests shall then be served on or before **October 12, 2007.** Hopefully the responses to these requests will assist the parties in the preparation of the proposed pretrial order which is to be submitted to Judge Belot by **October 22, 2007.** *See* Doc. 78 (Minute entry setting pretrial conference for November 5, 2007 and setting the above deadline for submission of a proposed pretrial order).

**IT IS THEREFORE ORDERED** that Defendants' Motion to Strike and for Protective Order (Doc. 97) is **DENIED** as to Defendant Wray; as to Defendants Kennett and Pratt Regional Medical Center, d/b/a Kinsley Rural Health Clinic, the motion is **GRANTED in part** and **DENIED in part** as more thoroughly set forth

above.  Defendants will submit their answers to Plaintiff's requests for admission on or before **October 12, 2007.**

IT IS SO ORDERED.

Dated at Wichita, Kansas, this 14th day of September, 2007.

                         s/  DONALD W. BOSTWICK
                         DONALD W. BOSTWICK
                         United States Magistrate Judge