IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

VICKI UTLEY, as Representative ) 
Heir at Law of BRIAN UTLEY, ) 
Deceased, ) 
 ) 
                   Plaintiff, )     **CIVIL ACTION**
 ) 
v. )     No. 05-1356-MLB
 ) 
ROBERT E. WRAY, D.O., ) 
JEANENE K. KENNETT, A.R.N.P., ) 
and PRATT REGIONAL MEDICAL ) 
CENTER d/b/a KINSLEY RURAL ) 
HEALTH CLINIC, ) 
 ) 
                   Defendants. ) 
_____ )

<u>**MEMORANDUM AND ORDER**</u>

This matter comes before the court on defendant Pratt Regional Medical Center d/b/a Kinsley Rural Health Clinic's (the "Health Clinic's") motion for partial summary judgment.  (Doc. 122.)  The motion has been fully briefed and is ripe for decision.  (Docs. 121, 124, 125.)  The motion is GRANTED for the reasons stated more fully herein.

This is a medical malpractice case.  Plaintiff Vicki Utley, as representative of Brian Utley, brings a wrongful death claim against Robert Wray, D.O. ("Dr. Wray"), Jeanene Kennett, A.R.N.P. ("Nurse Kennett"), and the Health Clinic, alleging that defendants were negligent in the medical treatment of Brian Utley in December 2003. The Health Clinic moves for partial summary judgment, seeking the court's determination that as a legal matter, no fault may be

apportioned to it in the event of a jury verdict for plaintiff.[1] (Doc. 121.)  In the present motion, the parties do not address the factual issue of negligence, but limit discussion to proper apportionment of a damages award.

## I.   FACTS

Nurse Kennett, a nurse practitioner trained in family medicine, was an employee of the Health Clinic in December 2003.  At the time Nurse Kennett treated Brian Utley, she was acting within the course and scope of her employment at the Health Clinic.  Nurse Kennett was the only Health Clinic employee who is alleged by plaintiff to have acted negligently in the treatment on Brian Utley.  The parties agree that the Health Clinic is vicariously liable for any negligent acts of Nurse Kennett.[2]

## II.   ANALYSIS

### A.   Direct Negligence Claim Against the Health Clinic or a Health Clinic Employee Other Than Nurse Kennett

The Health Clinic seeks the court's determination that plaintiff has alleged no claim against either: 1) the Health Clinic directly; or 2) any Health Clinic employee other than Nurse Kennett.  (Doc. 121 at 4.)  Plaintiff concedes in her response that she alleges no direct

---

[1] The court notes plaintiff's contention that the present motion is not a true motion for partial summary judgment, as the Health Clinic does not seek "judgment" on any claim against it.  Rather, the motion seeks the court's ruling on matters related to trial of this case.  In the interest of judicial efficiency, because the parties have fully briefed the matter, the court takes up the issues raised in the Health Clinic's motion.

[2] Plaintiff attempts to establish additional facts regarding Nurse Kennett and the Health Clinic's liability insurance coverage. Although uncontroverted, the court finds these facts irrelevant to its analysis of whether the Health Clinic can have fault apportioned to it.

negligence claim against the Health Clinic and alleges no negligence of any other Health Clinic employee.  (Doc. 124 at 5.)

The parties' pretrial order, entered shortly after the Health Clinic filed its motion for partial summary judgment, also reflects this position.  As a result, no action of the court is necessary: plaintiff will be held to the claims made in the pretrial order.  <u>See</u> Fed. R. Civ. P. 16(e) (stating that a final pretrial order "shall control the subsequent course of the action" and "shall be modified only to prevent manifest injustice").

## B.   Vicarious Liability Claim Against the Health Clinic for the Alleged Negligence of Nurse Kennett

The Health Clinic next contends that because the only allegation against it is vicarious liability for Nurse Kennett's alleged negligence, it cannot be apportioned any fault under Kansas' comparative negligence principles.[3]  Therefore, the Health Clinic contends the court should hold that it should not appear on the verdict form used at trial of this matter.  (Doc. 121 at 7.)

Plaintiff responds that leaving the Health Clinic off the jury form would result in prejudice to its case.  (Doc. 124 at 9.) Plaintiff cites <u>Haley v. Brown</u>, 36 Kan. App. 2d 432, 435-38, 140 P.3d 1051, 1054-56 (Kan. Ct. App. 2006), for the proposition that a trial judge lacks authority to "pick parties" to be included on the verdict form.  Plaintiff, borrowing an observation from <u>Haley</u>, asserts that if the corporate defendant is removed from the case, only Nurse Kennett, a sympathetic party, will remain.

---

[3]   The parties agree that Kansas law applies to plaintiff's claim.

In <u>Haley</u>, the trial judge substituted on the verdict form the name of a nurse, who was not, and never was, a party, for the hospital defendant, the employer.  The court of appeals found this to be harmless error.  Here, both Nurse Kennett <u>and</u> her employer, the Health Clinic, are parties.  Removal of the Health Clinic from the verdict form is not a substitution.  That plaintiff will be prejudiced because Nurse Kennett will be a "more sympathetic" defendant is a legally meritless argument.  The jurors will be instructed that they may not consider sympathy and the court expects that they will follow their instruction.  The parties agree that the Health Clinic was not at fault and it simply would confuse the jury to place a "no fault" defendant on the verdict form.

Plaintiff's argument that the damages may exceed the insurance coverages of both Nurse Kennett and the Health Clinic provides no legal basis to leave the Health Clinic on the verdict form.  In the pretrial order (Doc. 123) and in its motion, the Health Clinic concedes that it should remain a party to answer for the conduct of Nurse Kennett on a theory of respondeat superior (Doc. 121 at 2).  The Health Clinic is bound by this judicial admission, which is a formal, deliberate declaration by a party's counsel in a judicial proceeding for the purpose of dispensing with proof of a formal matter or of facts about which there is no dispute.  <u>Falcon v. Saint-Veltri</u>, 23 Fed. Appx. 908, 911 n.3 (10th Cir. 2001).

Accordingly, removal of the Health Clinic from the verdict form will not constitute error, harmless or otherwise.  It also will simplify the case by eliminating the presentation of irrelevant evidence and argument.  Indeed, for the following reasons, it would

-4-

be error to leave the Health Clinic in the case as a named defendant.

The liability of an employer for the tortious acts of an employee is based on the doctrine of vicarious liability. <u>Mulroy v. Olberding</u>, 29 Kan. App. 2d 757, 763, 30 P.3d 1050, 1054 (Kan. Ct. App. 2001). The Kansas Supreme Court summarized the law of vicarious liability stemming from an employer-employee relationship as follows:

> An employer is liable for the tortious acts of his employee only under special circumstances. Special circumstances exist when the employee is on the employer's premises, performing work for the employer, or using the employer's chattel; when the employer voluntarily assumes a duty to control the employee; or when the employer negligently retains a known incompetent or unfit employee.

<u>Thies v. Cooper</u>, 243 Kan. 149, 156, 753 P.2d 1280, 1285 (Kan. 1988). Neither party contends the Health Clinic is anything but vicariously liable for the alleged torts of Nurse Kennett.   In fact, the parties <u>agree</u> that the Health Clinic is vicariously liable if Nurse Kennett is found by the jury to be negligent.

In Kansas, "while a master whose liability is predicated solely on the doctrine of respondeat superior and not on any wrong on his part may be sued jointly with his servant for a tort committed by the latter within the scope of his employment, they are not joint tortfeasors in the sense they are equal wrongdoers." <u>Bair v. Peck</u>, 248 Kan. 824, 829, 811 P.2d 1176, 1181 (Kan. 1991).   Therefore, any liability of the employer - the Health Clinic - to the plaintiff is derived from the employee's - Nurse Kennett's - actions.   It is derivative only.   <u>See, e.g.</u>, <u>Atkinson v. Wichita Clinic, P.A.</u>, 243 Kan. 705, 763 P.2d 1085 (Kan. 1988).   "[A] judgment against an active tort-feasor establishes the full limit of liability against other

-5-

persons who are only derivatively liable as under the doctrine of respondeat superior for the active tort-feasor's wrongful act, and the satisfaction of such a judgment extinguishes any right of action for derivative liability." Jacobson v. Parrill, 186 Kan. 467, 474-75, 351 P.2d 194, 200 (Kan. 1960) (internal citations omitted).

Neither the Kansas comparative fault statute nor the Kansas pattern jury instructions alter the court's conclusion. The Kansas comparative fault statute requires a special verdict apportioning fault amongst all parties. The statute states: "Where the comparative negligence of the parties in any such action is an issue, the jury shall return special verdicts, . . . determining the percentage of negligence attributable to each of the parties . . . ." K.S.A. § 60-258a(b). The statute apportions fault based on percentage share of "causal negligence" - not derivative liability. The Kansas pattern jury instruction regarding liability when both an employer and employee are sued and there is no issue regarding agency states:

> The defendants are sued as employer and employee. The defendant [employer] is the employer and the defendant [employee] is its employee. If you find the defendant employer is liable, then you must find that the defendant employee is also liable. However, if you find the employee is not liable, then you must find that the employer is not liable.

PIK-Civil 3d § 107.04. Again, the employer and employee's negligence is deemed equivalent. Kansas law is clear that a vicariously liable employer has no independent share in the percentage fault of a negligence claim.

In addition, it is not logical to include both Nurse Kennett and the Health Clinic on the jury's verdict form. Nurse Kennett is

allegedly the only party of the two at fault.  The Health Clinic's alleged liability is only indirect - it flows from Nurse Kennett's fault.  In other words, Nurse Kennett and the Health Clinic's fault is the same; otherwise, plaintiff's potential recovery would be doubled.  This cannot be the intent of Kansas' comparative negligence statute.

## III.  CONCLUSION

Defendant's motion for partial summary judgment (Doc. 122) is GRANTED for the reasons stated more fully herein.  The Health Clinic will not appear as a separate entry for apportionment of fault on the verdict form for this case.  Trial of this matter is scheduled for May 6, 2008.

A motion for reconsideration of this order is not encouraged. Any such motion shall not exceed 3 double-spaced pages and shall strictly comply with the standards enunciated by this court in Comeau v. Rupp, 810 F. Supp. 1172, 1174 (1992).  The response to any motion for reconsideration shall not exceed 3 double-spaced pages.  No reply shall be filed.

IT IS SO ORDERED.

Dated this   7th   day of February, 2008, at Wichita, Kansas.

s/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE